**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| KRISTA MOULDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:23-cv-04873-MMB |
| | : | |
| SKILLCYCLE, INC. et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS'**
**COMPLAINT AND COMPEL ARBITRATION**

Defendants Skillcycle, Inc., Kristy McCann Flynn, Andrew Hibschman, and Rebecca Taylor offer this Reply in support of their Motion to Dismiss Plaintiffs' Complaint and Compel Arbitration (the "Motion," ECF 3). Plaintiff has filed an Opposition (ECF 4) to the Motion. For the reasons discussed herein, the Opposition does not provide grounds for denying the Motion. Accordingly, the Motion should be granted.

Plaintiff provides only a single argument in opposition to the validity and applicability of the arbitration clause in her Employment Agreement (as defined in the Motion): that the arbitration clause is invalid as applied to Plaintiff's claims pursuant to the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA," sometimes also referred to as "EFASASHA"), 9 U.S.C. §§ 401 & 402. The EFAA, however, does not apply to the claims set forth in Plaintiff's Complaint (ECF 1).

As discussed in Defendants' Brief in support of the Motion, the FAA sets forth a strong presumption in favor of arbitration where parties have agreed to arbitrate disputes. (See ECF 3-1, at 4–5.) The EFAA, conversely, "pulls back on the long-held presumption towards arbitration

where *sexual harassment* is concerned." *Steinberg v. Capgemini Am., Inc.*, No. CV 22-489, 2022 WL 3371323, at *2 (E.D. Pa. Aug. 16, 2022) (emphasis added). "The EFAA provides that 'at the election of the person alleging conduct constituting a *sexual harassment* dispute ... no predispute arbitration agreement ... shall be valid or enforceable with respect to a case which is filed under Federal [or] State law and relates to the ... sexual harassment dispute.'" *Id.* (quoting 9 U.S.C. § 402(a)) (emphasis added).

As this Court has observed, a "sexual harassment dispute" under the FAA is defined as "conduct that is alleged to constitute sexual harassment *under applicable Federal, Tribal, or State law.*" *K.T. v. A Place for Rover*, No. CV 23-02858, 2023 WL 7167580, at *4 (E.D. Pa. Oct. 31, 2023) (Baylson, J.) (quoting 9 U.S.C. § 401(4)) (emphasis in original). In *K.T.*, this Court expressly rejected the argument that "the EFAA broadly applies to nearly all matters that include allegations of sexual assault or harassment." *Id.*

Under federal law, "sex discrimination differs from sexual harassment." *Cornelius v. CVS Pharmacy, Inc.*, No. CV2301858SDWAME, 2023 WL 6876925, at *3 (D.N.J. Oct. 18, 2023); *see also Bostock v. Clayton Cnty, Ga.*, 590 U.S. —, 140 S. Ct. 1731, 1747 (2020) (noting that "'[s]exual harassment' is conceptually distinct from sex discrimination"); *Sandom v. Travelers Mortg. Servs., Inc.*, 752 F. Supp. 1240, 1247–48 (D.N.J. 1990) (discussing *Torriero v. Olin Corp.*, 684 F. Supp 1165 (S.D.N.Y. 1988); *Zalewski v. M.A.R.S. Enterprises, Ltd.*, 561 F. Supp. 601 (D. Del. 1982)) (distinguishing sex discrimination from sexual harassment). "Sex discrimination is discriminating against someone because of his or her sex, while sexual harassment is unwelcome sexual advances or other verbal or physical contact of a sexual nature." *Cornelius*, 2023 WL 6876925, at *3 (quoting *Friel v. Mnuchin*, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020), *aff'd*, No. 20-2714, 2021 WL 6124314 (3d Cir. Dec. 28, 2021)); *see also Zastrow v. Ikegami Elecs. (U.S.A.) Inc.*, No. CIV.

A. 97-3384 MTB, 1997 WL 827456, at *2 (D.N.J. Dec. 2, 1997) ("Allegations of unequal pay and of being denied promotions at work because of one's gender are claims of gender discrimination, not sexual harassment. While sexual harassment is a form of sexual discrimination, the inverse is not necessarily true."); *accord Vela v. Village of Sauk Village*, 218 F.3d 661, 664 (7th Cir. 2000) (observing that a "claim of sexual harassment … is wholly diverse from [a] claim of disparate treatment" based on sex).

Sexual harassment means "[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature …." 29 C.F.R. § 1604.11(a); *Candelaria v. Hosp. of Univ. of Pa.*, No. 2197 EDA 2021, 2022 WL 4282830, at *3 (Pa. Super. 2022) (citing *Hoy v. Angelone*, 691 A.2d 476, 480 (Pa. Super. 1997) (defining sexual harassment for purposes of Pennsylvania state law consistently with federal law); *see also* "Sexual Harassment," Black's Law Dictionary (11th ed. 2019) (defined as "[a] type of employment discrimination consisting in verbal or physical abuse of a sexual nature, including lewd remarks, salacious looks, and unwelcome touching"). Applying this definition, Plaintiff's Complaint does not set forth a claim for sexual harassment. Plaintiff's Complaint does not contain any allegations that she was subject to unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature. (*See generally* ECF 1.) Plaintiff wrongly asserts that "[p]regnancy discrimination harassment constitutes 'sexual harassment.'" (ECF 4-1, at 6.) Pregnancy discrimination may constitute discrimination "because of sex" or "on the basis of sex." *See Doe v. Pa. State Univ.*, No. 4:21-CV-01862, 2023 WL 7287217, at *6 (M.D. Pa. Nov. 3, 2023). That, however, does not mean pregnancy discrimination necessarily constitutes sexual harassment.

The analysis of the United States District Court for the District of New Jersey in *Cornelius* is instructive for the Court's consideration of the Motion here. In *Cornelius*, the plaintiff filed suit

alleging sex discrimination, "mishandling her complaints [about discrimination] and subjecting her to severe and pervasive intentional sex-based discrimination." *Cornelius*, 2023 WL 6876925, at *1–2. The defendant-employer, CVS, moved to dismiss the action based on the arbitration clause contained in the plaintiff's employment agreement. *Id.* at *2. In response, the plaintiff argued that arbitration of her claims was barred by the EFAA. *Id.* at *3. Specifically, the plaintiff, "quoting the elements of gender discrimination, argues that the complaint sufficiently alleges that 'Defendants targeted [her] with severe and pervasive negative treatment, intentionally because she is a woman.'" *Id.* (footnote omitted, alteration in original). The plaintiff further argued "that because [her manager's] general hostility toward her was based on her gender that, constitutes sexual harassment in violation of Title VII." *Id.* Therefore, the plaintiff argued, "because her gender-based discrimination claims are in fact sexual harassment claims, the [EFAA] permits her to circumvent arbitration and pursue her claims in court." *Id.*

The court, however, rejected the plaintiff's argument and held that the EFAA did not apply to her sex discrimination case. The court in *Cornelius* expressly recognized the legal distinction between sex discrimination and sexual harassment discussed above. The court noted that the use of phrases like "sex harassment" or "sex-based discrimination" does not convert claims of sex discrimination to sexual harassment claims. *Id.* The court went on, in language equally applicable here:

> Plaintiff does not allege sexual harassment claims in her complaint nor does she allege facts to suggest that [the manager's] actions were sexually motivated. Indeed, the three-count complaint specifically alleges gender discrimination claims and facts to support discrimination based on sex. The complaint does not include a sexual harassment claim or allege any facts to suggest that Defendants engaged in unwelcome sexual advances or behavior motivated by a sexual desire. Consequently, Plaintiff's argument that the alleged discrimination amounts to sexual harassment and is not subject to the arbitration agreement are unsupported and

unpersuasive. Therefore, her claims are not subject to the EFAA and are not excused from arbitration.

*Id.* at *4.

Here, too, Plaintiff's Complaint seeks to assert claims based on sex and/or pregnancy discrimination. Plaintiff, however, does not allege any claim for sexual harassment as contemplated by the EFAA—that is, claims involving "[u]nwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature ...." 29 C.F.R. § 1604.11(a). Accordingly, just as in *Cornleius*, the EFAA does not apply to Plaintiff's claims here. Plaintiff's claims are therefore subject to the Employment Agreement's arbitration clause. This case should therefore be dismissed.

Respectfully submitted,

Date: February 21, 2024

/s/ Ross G. Currie
ROSS G. CURRIE, ESQ.
RENEE HARRIS, ESQ.
**WARD LAW, LLC**
1617 John F. Kennedy Blvd., Suite 500
Philadelphia, PA 19103
(215) 647-6600
rcurrie@thewardlaw.com
rharris@thewardlaw.com

*Attorneys for Defendants*